Our next case is Bill J. Coe v. Apple, 2023-2417. Mr. Merrill. Good morning, may it please the court. Courtland Merrill on behalf of appellant Bill J. Coe. The patents share a common specification with the case you just heard about. The patents disclose improvements in mobile systems to perceive and act on location information. The 011 patent in particular teaches location-based exchange, which features mobile devices having a peer-to-peer interaction without a central server. In this case, the board erred by allowing Apple to satisfy the claim limitation of a location-based content with information regarding non-location-based information about user profiles, and that was disclosed in the prior art reference, the Roboto reference. Location-based content is information about a user's location. The board implicitly construed location-based content to mean any user information that may be received when in proximity to the users, and that's what Roboto disclosed. It's disclosed that much of a social media application where two users that are in proximity, the closeness together as opposed to their location, would share information such as a user ID and information about, for example, what university they went to. And that does not disclose the information about their location. Two individuals could have commonality about their social or business interests. They could be in close proximity, for example, in Tokyo, and it wouldn't show what their actual location was, whether they were in Tokyo or New York. And that's the problem with the use of the Roboto reference to satisfy that claim element. I'm not sure I'm remembering that. So Roboto, is that the one that does make a reference to being on essentially a network just for co-participants at a business convention so that if I get a message on that network, then I know that that person is basically at the convention. Yes, I think that's a fair description. So why is that not location-based? What Roboto discloses is information about the type of environment, a business meeting, or a social gathering where two users are in close proximity. It's not based on their actual location. A business conference, again, could be in two different locations. It could be a bar meeting, a federal bar association meeting, for example. It could be something that doesn't tell you specifically where they are. And that's the crux of the invention as it's described both in the claims. Claims of the patent talk about location-based information. And the genesis of the invention is to give information about, not the actual physical coordinates, but information about their location. I thought that it was to give them information about the characteristical elements surrounding the individual. For example, that you're walking down the sidewalk and you get a notification on your phone and now it turns out that a local coffee shop is offering a dollar off on coffee. That's it. Well, that is very much what the invention is about. But you don't need to have location. You don't need to say, and by the way, it's around the corner at 125 McKinney Street. Why is that necessary if that's not the purpose of the innovation? Well, the claim itself does not require physical location coordinates. That's a claim limitation. But it does speak about location-based information. It would narrow the location, for the example you used, which there's an example in the record concerning the accused product about a coffee shop and you're passing by and a user in advance downloads an app about that coffee shop, for example. And you wouldn't want to have them provide information about a different location. You'd want to have some, it has to be location-specific. And that's what a fair reading of the claims referred to. Just closeness or proximity is not enough. It needs to be information about the location itself. And that's what Roboto fails to offer. And the board erred by allowing Apple to prove satisfaction of that claim element using Roboto. Because as the briefs indicate, as the record indicates, Roboto only discloses user ID and information about preferences, commonality in the same environment. It doesn't give that location, it doesn't give information specific enough about the location to be satisfied. And we submit that that was an error by the board to implicitly construe the claims in a way that broadened them to allow Roboto to satisfy that claim element. And we respectfully believe that's an error of law. I'm going to ask you to reverse it. Unless the board has any additional questions, I think we'll rest on the board. Excuse me, the panel. You already argued before the board. Your Honor, thank you, I stand corrected. We'll save the rest of the time for you. Ms. Zang? Good morning, Your Honors. Frances Zang for Apple. May it please the Court. Though Bill Jaicho attempts to argue that the Board committed legal errors on claim construction and prior art obviousness and disclosure, all of their arguments ultimately boil down to disagreements with factual determinations made by the Board, which are supported by substantial evidence and should thus be affirmed by the Court. I'd like to address the claim construction issues that Your Honors discussed. On the location-based content term fails for at least two reasons. First, the Board did not implicitly construe the term, but rather applied the plain meaning of location-based content in making a factual determination that Roboto discloses location-based content. And regarding the disclosure that Bill Jaicho's counsel was discussing, that was not actually relied upon by the Board in finding that Roboto discloses the proximity, sharing information when a user is in proximity. That is not the passage that the Board relied on to show disclosure of the location-based content term. Rather, at Appendix 29 of the final written decision, the Board found that Roboto's disclosure of sharing a business profile, not the user's dating profile or personal profiles, but the business profile when a user is at a business conference satisfied location-based content. Here, the content, which is the business profile, is based on the location because it is applicable to and depends on the business conference location that the user is located. So in other words, there is no argument that the business conference is not a location but an environment. First of all, that's a new argument raised in the Gray Brief for the first time, so it's forfeited. But regardless, it's meritless because in Roboto at A2567, paragraph 78, Roboto explicitly discloses that the business conference is, in its own words, a location. So specifically, Roboto states that at paragraph 78, the user may be open to sharing more information from one or more of the user's, one or more user profiles based on the location. And then in the very next sentence, it says, as a particular example, and then talks about the business conference as an example of that location. So certainly... So I'm not sure I heard you correctly, so I thought I heard you to say that the passage, which is this paragraph 78, right? That's right. That the board relied on at page 29 of the appendix was referring to content sent that itself refers to a location, as opposed to just a message about anything that could only be sent from within a particular location, but that the content might not refer to that. Your Honor, I would rephrase the first part of your understanding of what I said. I was not saying that the content disclosed in Roboto refers to location, but rather that it is based on location. And that's what the user profile is presented, and how much of that user profile is presented dependent on where the user is located. Okay, so where in 78 does it say that the profile refers to the presence at the business conference? Okay, so at paragraph 78, it says... So there's two parts. The first part, it says, I'm trying to figure out, it's in the middle. It starts with, for example, the user may be open to sharing more information from one or more of the users, one or more user profiles based on location. So that sentence says that how much of the user profile is shared is based on location. And then if you go to the next sentence that starts with, as a particular example, that's where it talks about the business conference example. And it says, a user at a business conference may be willing to share greater information from the user's business user profile, which is now showing that what content you choose to present is changing based on the fact that a match is detected at the business conference. That is what the board relied on to show the disclosure of the location-based content term, and that was supported by substantial evidence as we just discussed in Roboto. Bill J. Coe's construction that the location-based content term should be narrower is incorrect. It's forfeited because it was never raised below, but regardless, it's incorrect because it's unsupported by the claims and the intrinsic record. Nothing in Bill J. Coe's cited passages from the intrinsic record even use the word about and do not actually limit content to be about or describe location. Your Honor, Judge Reyna correctly acknowledged that the content doesn't actually have to describe the location or even describe a specific location as Bill J. Coe's counsel suggested. And even in their SIR reply below, at a 1040 of their IPR SIR reply, Bill J. Coe explicitly said that it was not construing location-based content to require an actual specific location. So they cannot raise that again now on appeal after they have rejected that. Could you comment on periodic beaconing? Yes, Your Honor. On periodic beaconing, the court actually has multiple grounds that they could affirm, but the easiest one is based on obviousness of the periodic beaconing term based on Roboto alone. And that's because in their gray brief, they dropped their dispute to that argument entirely. The board determined, and this is at A22, that the board determined that a skilled artisan would have been motivated to implement Roboto's beaconing to be periodic based on Apple's expert's testimony that periodic beaconing was a well-known concept. And a way to save power. That factual finding that the board credited is not in dispute on appeal, and Bill J. Coe does not re-raise its arguments regarding that ground in their gray brief. So the court can affirm on those grounds alone. If there's also additional grounds based on the Roboto in view of Lorenz, those are also supported by substantial evidence. Unless Your Honors have further questions on the periodic beaconing term, I'm happy to turn to the last issue. Thank you, Ms. Zhang. Just quickly on the secondary considerations, because... All right. That wasn't argued. Oh, I know. It's more just a point. Okay. I will see the remainder of my time. Thank you. Mr. Merrill. To respond to the arguments of opposing counsel, first with respect to the reference in Roboto to paragraph 78 and its references about location. The references that were identified by counsel deal with how much information is to be provided. They don't provide information about location. If you're in a business, the passage in particular example is a business conference, be willing to share greater information. That's not information. But this distinction really does depend on your claim construction position, that location-based content has to be content referring to location. I think that's probably fair. I think that's probably fair. And with respect to that, the claim construction issue arose out of the decision by the board. Both parties agreed to a plain and ordinary meaning of the construction. And then as we saw from the final written decision, pages 29 and 30 of the appendix, it was referred to by the board. They then said, no, this is what location-based information they, in our position, as the board, narrowed that to... Expanded it to allow the type of reference, the information that's identified in Roboto to satisfy that. And we would submit that if you look at, this is appendix 603, just the claim one of the 011 patent, the passage at 448, line 19, it talks about the periodically beaconing and outbound broadcast unidirectly. That's a unidirectional wireless data record. This is an earlier portion of the same claim that includes the location-based content information. That's a wireless data record for physically locating in a region of a sending processing system. So that's the basis of the claim. That's what the invention is speaking to. And then later on, it discusses without the physical coordinates. Therefore, the type of information disclosed in Roboto does not satisfy that claim. Unless the court has any further questions, that's all I have for you. Thank you, counsel. It's both counsel. Case is submitted.